**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4656**

_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

DEMETRIUS D. THOMAS,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, Chief District Judge.  (3:14-cr-00045-1)

_____

Submitted:  February 18, 2015     Decided:  February 24, 2015

_____

Before MOTZ and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Sebastian M. Joy, JOY LAW OFFICE, Catlettsburg, Kentucky, for Appellant.  Steven Loew, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demetrius D. Thomas pled guilty, pursuant to a plea agreement, to distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) (2012). The court sentenced Thomas to 120 months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the sentence is reasonable. Thomas has filed a pro se supplemental brief, claiming that his guilty plea was not made knowingly and requesting that we review the record to determine whether the sentence is reasonable, whether counsel's assistance was ineffective, and whether the career offender designation was proper. The Government has not filed a brief. Having reviewed the record, we affirm.

Thomas argues that he did not knowingly enter into the plea agreement, claiming that he lacked sufficient time and knowledge to understand the plea agreement. Where a defendant has not moved to withdraw his guilty plea in the district court, the Fed. R. Crim. P. 11 plea colloquy is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Here, the district court conducted a thorough plea colloquy, fully satisfying the requirements of Rule 11 and ensuring that Thomas' plea was knowing, voluntary, and supported by a sufficient factual basis. See United States v. DeFusco,

2

949 F.2d 114, 116 (4th Cir. 1991). Thomas' sworn statements at the plea colloquy belie his claim that his guilty plea was not made knowingly and voluntarily. Thus, we find Thomas' attacks on the validity of his guilty plea to be without merit.

Counsel, in the Anders brief, and Thomas contend that Thomas' sentence was too severe in light of his personal characteristics and the small quantity of controlled substances involved in this offense and his prior offenses. This court reviews a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. Id. at 49-51.

If there are no significant procedural errors, we then consider the substantive reasonableness of a sentence, evaluating "the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. at 51. A sentence is presumptively reasonable if it is within or below the Guidelines range, and this "presumption can only be rebutted

3

by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014).

We conclude that the district court satisfied the procedural requirements by correctly calculating Thomas' Guidelines range; considering the parties' arguments, Thomas' allocution, and the 18 U.S.C. § 3553(a) (2012) factors; and providing an individualized assessment fully grounded in those factors. As to substantive reasonableness, we conclude that Thomas has not rebutted the presumption of reasonableness accorded to his below-Guidelines sentence. To the extent Thomas attacks the district court's failure to give more weight to his circumstances, we note that the court considered Thomas' oral and written arguments, but merely declined to vary the sentence to the extent requested by Thomas. Such a determination is within the discretion of the court when sentencing a criminal defendant and is reasonable.

Thomas also contends that counsel provided ineffective assistance. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C.

4

§ 2255 (2012), in order to allow for sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because there is no evidence of ineffective assistance of counsel on the face of the record, we conclude that this claim should be raised, if at all, in a § 2255 motion. Additionally, we have reviewed the other arguments Thomas raises in his pro se supplemental brief and conclude that they are without merit.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Thomas' conviction and sentence. This court requires that counsel inform Thomas, in writing, of the right to petition the Supreme Court of the United States for further review. If Thomas requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Thomas.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED